O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA PINEDA, | CASE NO. SACV 08-0315 AG (RNBx) |
| Plaintiff, | |
| v. | ORDER DENYING SUMMARY JUDGMENT |
| TARGET CORPORATION, et al. | |
| Defendants. | |

Plaintiff Monica Martinez Pineda ("Plaintiff") brought this lawsuit against Defendant Target Corporation ("Defendant") for negligence. Defendant now files a Motion for Summary Judgment, or for Partial Summary Judgment ("Motion"). After considering the arguments submitted by both parties, the Motion is DENIED.

**PRELIMINARY CONSIDERATIONS**

**1.    PLAINTIFF'S SUR-REPLY**

Plaintiff filed a Sur-Reply to the Motion ("Sur-Reply"). Defendant filed an Objection to the Sur-Reply ("Sur-Reply Objection") under Local Rule 7-10, which provides that "[a]bsent

prior written order of the Court, the opposing party shall not file a reply to the reply."  Defendant asks the Court to strike the Sur-Reply and accompanying documents from the record.  Because the Court finds the Sur-Reply and accompanying documents helpful in resolving objections raised by Defendant in its Reply to Plaintiff's Opposition to the Motion ("Reply"), the Sur-Reply Objection is OVERRULED.  The Court reminds the parties that compliance with Local Rules is mandatory, and parties must seek leave of the Court before departing from those Rules.

**2.      DEFENDANT'S EVIDENTIARY OBJECTIONS**

With its Reply, Defendant filed Evidentiary Objections to Plaintiff's Exhibits Filed in Opposition to Defendant's Motion ("Defendant's Evidentiary Objections").  The set of objections to the Declaration of Fernando Brito, Jr. in Support of Plaintiff's Opposition ("Brito Declaration") relate to the changes made to a deposition by Maria Del Pilar Pineda ("Mrs. Pilar") to her deposition transcript.  (Defendant's Evidentiary Objections 2:3-3:22.)  Specifically, Mrs. Pilar changed her deposition testimony on the amount of time between informing Defendant's employee of a spill and the time that Plaintiff fell.  (Brito Decl. Exh. 2.)  While the Court appreciates Defendant's concern that the change relates to a material issue of fact, Rule 30(e) permits a party to make changes which seek to clarify a recorded deposition, and Plaintiff has followed the stipulated procedure for making the changes.  (*See* Declaration of Paul Hanna in Support of Defendant's Reply ("Hanna Declaration") ¶ 4 and Exh. A; Declaration of Liliana Perez in Support of Plaintiff's Sur-Reply ("Perez Declaration") ¶¶ 4-6.)  Defendant's Counsel retains the prospects of powerfully impeaching the witness at trial.  *See Lugtig v. Thomas*, 89 F.R.D. 639,  (N.D. Ill. 1981) ("The witness who changes his testimony on a material matter between the giving of his deposition and his appearance at trial may be impeached by his former answers, and the cross-examiner and the jury are likely to be keenly interested in the reasons he changed his testimony.") (citing Wright & Miller, Federal Practice & Procedure, § 2118).  Defendant's Evidentiary Objections to the Brito Declaration are OVERRULED.

Next, Defendant makes a series of objections to deposition testimony of Witness Maria

1  Gonzales, Plaintiff, and Mrs. Pilar.  (Defendant's Evidentiary Objections 4:1-6:10.)  "A party
2  waives any objection, whether to the form of questions or answers or to other errors that might
3  be obviated, removed, or cured if promptly presented, by failing to note the objection at the
4  taking of the deposition."  Wright & Miller, Federal Practice and Procedure § 2113 (2009); *see*
5  *also Jerden v. Amstutz*, 430 F.3d 1231, 1237 (9th Cir. 2005) ("[A]n objection to admission of
6  evidence on foundational grounds must give the basis for objection in a timely way to permit the
7  possibility of cure.").  Defendant should have raised these objections during the deposition, and
8  did not.  The objections are OVERRULED.
9        Finally, Defendant objects to portions of the Declaration of Alex J. Balian in Support of
10 Plaintiff's Opposition ("Balian Declaration").  (Defendant's Evidentiary Objections 6:12-10:20.)
11 The objections are OVERRULED.
12       Although various objections have been overruled, the results of this Order would not
13 change had the objections been sustained.
14
15 **BACKGROUND**
16
17       The following facts are taken from Defendant's Statement of Uncontroverted Facts
18 ("UF," Docket No. 12) and Plaintiff's Statement of Genuine Issus of Material Fact ("MF,"
19 Docket No. 17).
20       Plaintiff is suing Defendant for injuries suffered when she slipped and fell at Defendant's
21 Santa Ana Store ("Store").  On the day of the incident, the Store opened at 8:00 a.m. (UF 2.) The
22 Store's floors have a "shiny" look to them, and are "shinier in the morning" because they are
23 buffed each morning before 7:00 to give the floors a shiny look.  (MF 23-25.)  Sometime
24 between 20 and 40 minutes before the Store opened, an employee walked the "race track" aisles,
25 which are the main aisles in the Store, but was no closer than 15 to 20 feet from where Plaintiff
26 fell.  (MF 21-22.)  Around 8:10 a.m. or 8:15 a.m., Mrs. Pilar, Plaintiff, and Plaintiff's five-
27 month-old daughter entered the Store.  (UF 1.)  While Plaintiff looked at cosmetics in one aisle,
28 Mrs. Pilar went to the detergent aisle to look for Ajax.  (UF 8,9.)

In the detergent aisle, Mrs. Pilar saw a dinner-plate sized pool of clear, white, transparent liquid. (UF 9.) Mrs. Pilar went to the children's department and notified a Store employee about the spill. (UF 11.) She then returned to the detergent area and continued looking for Ajax in the aisle next to the one with the spill. (UF 12.) Plaintiff then yelled to Mrs. Pilar from the aisle with the spill to tell Mrs. Pilar that Plaintiff found the Ajax. (UF 12.) Either 2 to 3 minutes, (UF 12), or 5 to 6 minutes, (MF 12), passed between the time Mrs. Pilar told the employee about the spill and when she returned to the aisle next to the one with the spill and heard Plaintiff yell. Mrs. Pilar went to the aisle with the spill and saw Plaintiff slip and fall. (UF 13.) When she fell, Plaintiff was looking forward and not at the floor. (UF 15.)

**LEGAL STANDARD**

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322-23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

## ANALYSIS

Plaintiff alleges two claims against Defendant: (1) Premises Liability Based on Negligence; and (2) General Negligence.

To establish liability on a negligence theory, a plaintiff must prove duty, breach, causation, and damages. *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). In its Motion, Defendant asserts that it did not owe a duty to warn Plaintiff because: (1) Defendant did not have actual or constructive knowledge of the dangerous condition; and (2) the dangerous condition was open and obvious.

### 1.   ACTUAL OR CONSTRUCTIVE NOTICE

A store owner owes a duty to its patrons to use reasonable care in keeping the premises reasonably safe. *Ortega*, 26 Cal. 4th at 1205. Store owners have a duty to warn "not only of conditions known by him to be dangerous but also of conditions which might have been found dangerous by the exercise of ordinary care." *Beauchamp v. Los Gatos Golf Course*, 273 Cal. App. 2d 20, 27 (1969). Where, as here, a "plaintiff relies on the failure to correct a dangerous condition to prove the owner's negligence, the plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it." *Ortega*, 26 Cal. 4th at 1203. A plaintiff can meet its burden by showing that the store owner had either actual or constructive notice. *Id.*

Here, Defendant asserts that Plaintiff cannot show that Defendant had actual or constructive notice of the dangerous condition in sufficient time to correct it. (Motion 4:4-6.) The Court disagrees.

First, Plaintiff has offered enough factual evidence to disprove Defendant's assertions that no material fact exists regarding actual notice. Defendant cites *Girvetz v. The Boy's Market, Inc.*, 91 Cal. App. 2d 827, 828 (1949), for the premise that notice to a defendant store owner of a

1 dangerous condition a minute and a half before the accident occurred is, as a matter of law,
2 insufficient to support an inference that the defendant store owner failed to exercise due care.
3 (Motion 10:1-11:18.) But the *Girvetz* court found that the *only* evidence was that the foreign
4 object had been on the ground for a minute and a half. *Id.* at 831.

5 In this case, Plaintiff has provided the Court with evidence that Mrs. Pilar saw the spill,
6 notified Defendant's employee of the spill, then walked back to an adjacent aisle to the aisle
7 with the spill. When Mrs. Pilar heard Plaintiff yell that she had found the Ajax, Mrs. Pilar left
8 the adjacent aisle and turned into the aisle with the spill, where she saw Plaintiff skid on the spill
9 and fall. The parties dispute the amount of time that passed between the time Mrs. Pilar notified
10 the employee of the spill and the time that Plaintiff fell. Defendant claims that 2 to 3 minutes
11 passed, while Plaintiff now claims that 5 to 6 minutes passed. Because the Plaintiff is the non-
12 moving party here, the Court must believe the evidence of the Plaintiff. *Anderson*, 477 U.S. at
13 248. But even if the Defendant is believed, a jury could make a reasonable inference that Mrs.
14 Pilar reached the spill, after stopping in another aisle, before the Store employee reached the
15 spill, and that Defendant therefore had sufficient time after the notice to get to the spill before
16 Plaintiff's fall.

17 Further, Defendant has not met its burden of identifying an absence of a genuine issue of
18 material fact regarding the issue of constructive notice. *Celotex*, 477 U.S. at 323. A plaintiff
19 may demonstrate constructive notice by showing "that the site had not been inspected within a
20 reasonable period of time so that a person exercising due care would have discovered and
21 corrected the hazard." *Ortega*, 26 Cal. 4th at 1212. "It remains a question of fact for the jury
22 whether, under all the circumstances, the defective condition existed long enough so that it
23 would have been discovered and remedied by an owner in the exercise of reasonable care." *Id.* at
24 1213.

25 Here, the evidence submitted shows that Plaintiff and Mrs. Pilar came into the Store ten
26 to fifteen minutes after opening. Sometime between twenty and forty minutes before opening, a
27 Store employee walked the main aisles of the Store, but did not walk down the aisle with the
28 spill. A jury could make a reasonable finding that a minimum of 30 minutes and maximum of

6

55 minutes is an unreasonable period of time to go without an inspection. Further, a jury could conclude that the Store employee's inspection was not reasonable because he did not go down individual aisles. Thus, genuine issues of material fact exist on the issues of actual and constructive notice, so summary judgment cannot be granted on these issues.

## 2. OPEN AND OBVIOUS DANGEROUS CONDITION

Defendant's other argument in its Motion is that it had no duty to warn Plaintiff of the dangerous condition because the dangerous condition was open and obvious. (Motion 11:19-12:13.) A store owner is "not liable for injury to the invitee which results from a condition that is obvious or should have been observed by the invitee in the exercise of reasonable care." *Holcombe v. Burns*, 183 Cal. App. 2d 811, 814-15 (1960). "[T]he trier of the fact must determine any conflict as to whether or not the danger was obvious to the invitee." *Beauchamp v. Los Gatos Golf Course*, 273 Cal. App. 2d 20, 36 (1969).

Defendant supports its position with two undisputed facts: (1) that Plaintiff's mother observed a clear, white, transparent liquid on the floor that was round and about the size of a dinner plate, and located closer to the rear of the aisle; and (2) that when Plaintiff entered the aisle, she was looking forward and not at the floor. (Motion 12:8-11.) A reasonable finder of fact could decide, based on these facts, that the danger was not obvious. Further, Plaintiff has submitted evidence that the Store's floors are buffed each morning and are purposefully made to have a shiny look, especially in the morning. The Court cannot find as a matter of law that there is an absence of a genuine issue of material fact as to whether the condition was open and obvious, and summary judgment cannot be granted. *Celotex*, 477 U.S. at 323.

**DISPOSITION**

Defendant's Motion for Summary Judgement is DENIED.

IT IS SO ORDERED.

DATED: October 5, 2009

_____
Andrew J. Guilford
United States District Judge